IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHAWANNA HUBERT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:21-cv-71 |
| | § | |
| | § | |
| CESAR CHAVEZ FOUNDATION | § | |
| | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

**COMPLAINT**

Plaintiff, SHAWANNA HUBERT, files this Complaint and Jury Demand against Defendant CESAR CHAVEZ FOUNDATION (CCF, or Defendant), alleging willful violation of the Texas Commission on Human Rights Act and 42 U.S.C. Sec. 1981. For causes of action, Plaintiff would show the Court as follows:

**I.
PARTIES, JURISDICTION, VENUE, AND
ADMINISTRATIVE EXHAUSTION**

1. Plaintiff, SHAWANNA HUBERT, is a resident of Travis County, Texas.

2. Defendant CESAR CHAVEZ FOUNDATION is an entity which can be served with Citation through its Registered Agent, Juanita Valdez-Cox, 1601 E. Business Highway 83, San Juan, Texas, 78589.

3. At all times relevant to this case, Defendant CESAR CHAVEZ FOUNDATION acted as Plaintiff's employer.

4. This Court has jurisdiction to hear the merits of Ms. Hubert's claims under 28 U.S.C. §1331. The Court has supplemental jurisdiction over Ms. Hubert's claims arising under Texas statutory law under 28 U.S.C. §1367. Venue is proper in this district and division under 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred within this district and division.

5. Plaintiff exhausted her administrative remedies in this case by filing a Charge of Discrimination with the City of Austin Equal Employment/Fair Housing Office on July 3, 2019, which was cross filed with the U.S. Equal Employment Opportunity Commission and the Texas Workforce Civil Rights Division. It was filed within 180 days of her termination on July 3, 2019. Two years have not elapsed since she filed her Charge of Discrimination.

## II.
## FACTUAL BACKGROUND

6. Plaintiff. Shawanna Hubert, was hired by Cesar Chavez Foundation in July 2018 as an Assistant Manager. Her job duties included posting rent, reviewing annual certifications, walking the property, and speaking with tenants. Ms. Hubert is Black.

7. On multiple occasions while at work, Ms. Hubert observed her manager, Connie Cervantes, treating Black employees less favorably than those who were white or Hispanic. On June 25, 2019, Ms. Hubert sent a letter to Regional Manager Cynthia Brown, reporting that she believed Ms. Cervantes was discriminating against her and other Black employees. She said in the letter that "Manager Connie Cervantes has been discriminating against the staff. I've witness her taking favoritism with certain employees she is quick to reprimand her black staff but shows favoritism to the Hispanic staff." She also expressed concern that "it's very hard to come to work and concentrate on your job when your Supervisor causes so much unnecessary chaos, it

stressful to me and other co-workers." Ms. Hubert ended the letter by stating that she intended to make a formal statement to the EEOC regarding her concerns.

8. At the same time, Ms. Hubert sent a screenshot of one of the employees' timecards to Ms. Brown, showing her that the employee, who is Latino, had been clocked in for hours when he did not work, and had been paid for those hours. Ms. Hubert had received the screenshot from a Black maintenance employee named Sam Crittenden, who had initially reported the issue to Ms. Hubert.

9. Ms. Brown e-mailed Ms. Hubert later the same day and informed her that she had disclosed her complaint to Ms. Cervantes, and that she hoped they could "work through this bump in the road." Concerned that this response indicated a lack of willingness to take her concerns seriously, Ms. Hubert sent a formal complaint about the discrimination to CCF's home office HR department.

10. The day after Ms. Hubert sent her complaint to Ms. Brown, Ms. Cervantes came to the office, clearly in a bad mood. Her bad mood escalated, leading to an altercation with one of the residents. Ms. Hubert was so concerned about Ms. Cervantes' behavior that she contacted HR to report the altercation with the resident. Ms. Cervantes did not come to work for the next few days, and did not inform anybody at the office of her whereabouts. Her failure to communicate about her attendance made it very difficult for Ms. Hubert to do her job as an Assistant Manager, since she did not know when Ms. Cervantes would be in the office, and was unable to rely on her for work assignments and for direction on management of the office.

11. On June 28, Ms. Brown contacted Ms. Hubert, seemingly out of the blue, to ask her how she had obtained the Latino employee's timesheet which she had forwarded to her

earlier.  Ms. Hubert reminded her that she had received it from Mr. Crittenden.  She explained further that the employee had left his time tracking screen open in the Learning Center, and when Mr. Crittenden went to clock in, he observed on the employee's time record that he had clocked in for days when he did not work. Mr. Crittenden reported the fraud to Ms. Hubert, who in turn sent the e-mail about it to Ms. Brown on June 25.  Ms. Brown seemed satisfied with Ms. Hubert's explanation, and ended the call.

12. On July 3, 2019, Ms. Hubert reported to work and noticed that her assigned computer system had been disabled, and her computer system credentials had been removed. She reported the problem to Ms. Cervantes, who said she would send in a "ticket" to see what the problem was.  Ms. Cervantes and Ms. Brown then fired Ms. Hubert several hours later.  Upon information and belief, Ms. Hubert was replaced by a non-Black employee.

### III.
### CAUSES OF ACTION

#### COUNT ONE
#### DISCRIMINATION AND RETALIATION
#### UNDER 42 U.S.C. SEC. 1981

13. The allegations contained in Paragraphs 1 through 12 are hereby incorporated by reference.

14. 42 U.S.C. §1981 prohibits race discrimination in the making and enforcing of contracts, including the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges and conditions of the contractual relationship.  42 U.S.C. §1981 also prohibits employers from retaliating against employees who oppose racially discriminatory conduct.

15. Plaintiff is a member of a protected class and was selected for unfavorable treatment by Defendant, including being terminated from her employment as an Assistant Manager on July 3, 2019. There is no legitimate non-discriminatory reason for Defendant's actions, and if such a reason is propounded, it is a pretext. Unlawful discrimination based on Plaintiff's race and retaliation against Plaintiff for opposing discrimination moved Defendant toward its decisions or was a factor that played a part in Defendant's employment decisions as to Plaintiff. The unlawful practices committed by Defendants were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## COUNT TWO
## DISCRIMINATION AND RETALIATION UNDER THE
## TEXAS COMMISSION ON HUMAN RIGHTS ACT

16. <u>Discrimination</u>. The conduct of the Defendant towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities constitutes discrimination on the basis of race, in direct violation of §21.001, et. seq., Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that;

> "An employer commits an unlawful employment practice if...the employer...discriminates against an individual...or...classifies an employee...in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee."

Plaintiff's race was a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment. Plaintiff's race moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

17. <u>Retaliation</u>. In addition, Defendant retaliated against Plaintiff for making discrimination complaints and for otherwise opposing race discrimination by the employer. See Texas Labor Code §21.055. Plaintiff's discrimination complaints were a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment.

## IV.
## DAMAGES

18. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.
## COMPENSATORY DAMAGES

19. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of her race. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.
## PUNITIVE DAMAGES

20. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.
## ATTORNEYS' FEES AND EXPERT FEES

21. A prevailing party may recover reasonable attorneys' and experts' fees under Title VII, 42 U.S.C. Sec. 1981, and the Texas Commission on Human Rights Act. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## VIII.
## JURY DEMAND

22. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

>Respectfully submitted,
>
>THE LAW OFFICES OF KELL A. SIMON
>501 North IH-35, Suite 111
>Austin, Texas 78702
>(512) 898-9662 Telephone
>(512) 368-9144 Facsimile
>
>/s/ Kell A. Simon
>Kell A. Simon
>State Bar No. 2406088
>ATTORNEY FOR PLAINTIFF